**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3776-24

GERARD LEWIS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted April 22, 2026 – Decided July 21, 2026

          Before Judges Paganelli and Jacobs.

          On appeal from the New Jersey Department of Corrections.

          Gerard Lewis, self-represented appellant.

          Jennifer Davenport, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Elizabeth Micheletti, Deputy Attorney General, on the brief).

PER CURIAM

Gerard Lewis appeals from a final agency decision by the New Jersey Department of Corrections (DOC) finding him guilty of prohibited act *.009 (misuse, possession, distribution, sale, or intent to distribute or sell an electronic communication device), N.J.A.C. 10A:4-4.1(a)(4)(iii), and *.210 (possession of anything not authorized for retention or receipt by an inmate), N.J.A.C. 10A:4-4.1(a)(1)(viiii). We affirm.

I.

On January 29, 2025, officers at Northern State Prison relocated Lewis and other inmates, including his cellmate, James T. Davis, from their cells to the education building. All inmates passed through a metal detector. A Senior Correctional Police Officer (SCPO) observed Davis acting nervously, failing to clear the detector. Officers searched Davis and discovered a miniature cell phone and earpiece concealed in a latex glove. Officers seized the items as contraband.

The SCPO questioned Davis about the contraband. According to a report prepared based on that questioning, Davis stated, "my bunky put it in my pocket because he saw we were going to" the education building. Both Lewis and Davis denied ownership of the contraband. Officers issued disciplinary charges against both inmates for prohibited acts *.009 and *.210.

2

Disciplinary proceedings were scheduled to begin on February 25, 2025, before a Disciplinary Hearing Officer (DHO). The hearing was rescheduled on several subsequent dates at Lewis's request to facilitate the retrieval of video evidence and to obtain a witness statement from Davis. Lewis obtained a supplemental statement from Davis, but the DOC determined there was no body worn camera or video footage of the area.

The hearing commenced on April 1, 2025. Lewis pleaded not guilty and was assigned substitute counsel. Lewis asserted he never possessed a phone and requested dismissal of the charges. He also presented Davis's supplemental statement that read in pertinent part, "'I couldn't clear the machine. I don't know where the phone came from.'"

In addition, the DHO reviewed the incident reports, seizure forms, and custody reports. The DHO found Lewis guilty of both charges, concluding "[a]ll evidence was considered and does suffice to a reasonable person that [Lewis] had access [and/]or possessed a phone." Denying Lewis's request for leniency, the DHO imposed ninety days' restrictive housing unit, suspended for sixty days;

3

thirty days' loss of communication, suspended for sixty days; thirty days' loss of kiosk and canteen privileges; and a job change recommendation.[1]

Lewis appealed the DHO's decision to the prison administration. An Assistant Superintendent upheld the decision, finding "[t]here was compliance with Title 10A['s] provision[s] on inmate discipline which prescribe procedural due process safeguard[s]. . . . The decision of the [DHO] was based on substantial evidence." Further, the Assistant Superintendent found the sanctions imposed to be proportionate to the prohibited acts and denied Lewis's request for leniency.

Lewis appeals, raising the following points:

POINT I

THE DHO'S GUILTY FINDING, AND THE ADMINISTRATION'S DECISION TO UPHOLD THE GUILTY FINDING, WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE, AS IT WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD.

POINT II

THE DEPARTMENT'S FAILURE TO RETRIEVE VIDEO FOOTAGE VIOLATED . . . [LEWIS]'S RIGHT TO DUE PROCESS.

---

[1] Neither the record nor the parties' merits briefs address the apparent incongruity of a thirty-day loss period juxtaposed against a sixty-day suspension.

Our review of agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011). Accordingly, "[a]n administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 238-39 (App. Div. 2019) (quoting Stallworth, 208 N.J. at 194).

In particular, we afford wide discretion to administrative decisions due to the agency's specialized knowledge and the unique security concerns of correctional facilities. In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020); Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999).

Based on our review of the record, we are satisfied the DOC's finding was not arbitrary, capricious, or unreasonable. Viewed as a whole, the record contains substantial credible evidence supporting the DOC's finding that Lewis possessed or had access to the contraband.

A-3776-24

Lewis's assertion that the DOC's failure to retrieve video evidence constitutes a due process violation is unavailing. Under N.J.A.C. 10A:4-8.4(b), the DHO "shall have the discretion to keep the hearing within reasonable limits and to refuse to permit the collection and presentation of evidence which is not necessary for an adequate understanding of the case." In view of this discretionary authority, the DOC's failure to provide video footage cannot be said to constitute a per se due process violation. The DHO's findings rest on the officers' reports and Davis's original statement that Lewis placed the contraband in his pocket. The DHO was entitled to credit the officers' reports and Davis's initial statement, implicitly rejecting Davis's subsequent contradictory statement that he "'d[id]n't know where the phone came from.'" The DHO's credibility determinations, as affirmed by the DOC, are entitled to deference. See Penpac, Inc. v. Passaic Cnty. Utils. Auth., 367 N.J. Super. 487, 507 (App. Div. 2004) ("As a reviewing court, we will not weigh the evidence, determine the credibility of witnesses, draw inferences and conclusions from the evidence, or resolve conflicts therein." (quoting De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 489-90 (App. Div.1985))).

Further, the DOC's decision complies with the strictures of N.J.A.C. 10A:4-9.15(a) and (b) that a finding of guilt at a disciplinary hearing "shall be

6

based upon substantial evidence that the inmate has committed a prohibited act" and include "[a] concise summary of the facts on which the [DHO] . . . concluded that the informant was creditable or his . . . information reliable." Here, Davis's original statement to officers and DOH's investigation of the surrounding circumstances meet these requirements.

In sum, there is substantial credible evidence to sustain the DOC's findings. The disciplinary sanctions imposed were proportionate to the prohibited acts concerned and consistent with procedural protections required by law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hanley

Clerk of the Appellate Division

7